This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41280**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**DESIREE V.,**

Respondent-Appellant,

and

**ZEBADIAH R.,**

Respondent,

**In the Matter of SAMARAH V.-R.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio Chavez, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laupheimer Law Office, LLC
Amanda G. Laupheimer
El Prado, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**     Mother appeals from the district court's order terminating her parental rights as to Child. Unpersuaded that Mother's docketing statement demonstrated error, we issued a notice proposing to summarily affirm. Mother has responded with a memorandum opposing summary affirmance. We have considered Mother's response and remain unpersuaded. We affirm.

**{2}**     Mother continues to challenge the sufficiency of the evidence to support the conclusion that Children, Youth & Families Department (CYFD) used reasonable efforts to assist her in remedying the causes of and conditions that resulted in Child's removal and contends that she should have been given more time to engage in the necessary services. [MIO 11-12] "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"; the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Mother does not dispute the evidence upon which our proposed affirmance was based and does not point out or demonstrate legal error in our proposed analysis. For the reasons set forth in our notice, we are not persuaded that further efforts were legally required of CYFD or that Mother should have been given more time to work her treatment plan after having minimally engaged in some of the recommended services at the end of the proceedings. *See State ex rel. Child., Youth & Fams. Dep't v. Laura J.*, 2013-NMCA-057, ¶ 39, 301 P.3d 860 (holding that "[CYFD] had made reasonable efforts to accommodate [the m]other's cognitive and emotional limitations by providing referrals to services that were tailored to her particular needs"); *id.* ("That [the parent] did not fully participate in or cooperate with the services does not render [CYFD]'s efforts unreasonable."); *State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 45, 141 N.M. 166, 152 P.3d 153 (explaining that we construe the Children's Code to focus on children's health and safety, and that the record supported a conclusion that mother's only recent successes with her treatment plan were "too little, too late" (internal quotation marks and citation omitted)); *State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶¶ 21, 53, 136 N.M. 53, 94 P.3d 796 ("Parents do not have an unlimited time to rehabilitate and reunite with their children" and "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused.").

**{3}** For the reasons set forth above and in our notice, we affirm the district court's order terminating Mother's parental rights.

**{4}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**